## Lois Sheldon *versus* Hatsell Purple.

Devise : " I will and require that my daughter L shall be supported out of my estate with all necessaries she may need, either in sickness or health, and shall have the use of the north room in my house, so long as she shall live in a single state ; but if she shall contract marriage, I do give and bequeath unto her the sum of $150, to be paid to her by my son O, in full of all demands." O, to whom the testator had devised all his real and personal estate, gave bond for the payment of debts and legacies, and afterwards conveyed the real estate to the defendant, who had notice of the provision in the will, in favor of L. L was never married. It was *held*, that such provision was a charge upon the real estate in case of the deficiency of the personal estate ; that the remedy of the plaintiff, if she stood in need of relief, was by action against the defendant, or upon the bond, at her election ; but that the defendant was bound to provide only what should be necessary for her support, over and above her own earnings.

In an action by L against the defendant it appeared, that L continued to reside in the north room of the house a few weeks after her brother had removed therefrom, living upon charity ; that she then applied to the overseers of the poor for relief ; and that one of the overseers informed the defendant thereof, and stated that they intended to make him pay for her support. It was *held*, that the defendant was liable to the action, without any further notice or demand.

Assumpsit. Plea, the general issue. The trial was before *Putnam* J.

On March 15, 1805, Amasa Sheldon, the father of the plaintiff, made his will, by which he devised all his real and personal estate to his son, Oliver Sheldon, and appointed him executor. The real estate consisted of a tract of land in Bernardston, on which was the dwellinghouse of the testator. The will also contained the following clause : " I will and require, that my daughter Lois shall be supported out of my estate, with all necessaries she may need, either in sickness or health, and shall have the use of the north room in my house, so long as she shall live in a single state ; but if she shall contract marriage, I do give and bequeath unto her the sum of one hundred and fifty dollars, to be paid to her by my son Oliver, in full of all demands."

On May 3, 1808, the will was proved. Oliver Sheldon accepted the office of executor and gave bond, with sureties, for the payment of the debts and legacies, and for the rendering an account of his administration when required.

On November 15, 1831, Oliver Sheldon, who continued to reside on the land, with the plaintiff, after the testator's

death, conveyed it to the defendant, with the usual covenants of warranty against incumbrances, and without any exception in favor of the plaintiff.

In the spring of 1833, Oliver Sheldon removed from the land, leaving the plaintiff in possession of the north room of the house, but without making any provision for her support. The plaintiff resided there a few weeks, living upon charity, and was then removed to the poor-house in Bernardston, having, at the time when her brother left the house, applied to the overseers of the poor for support. Oliver Sheldon died poor, after his removal.

It also appeared, that all the personal estate of the testator had been expended in the payment of his debts and of the legacies, other than that bequeathed to the plaintiff ; that the plaintiff had never been married ; that the defendant, at the time of his purchase, knew of the provision in the will in favor of the plaintiff; that in March 1833, one of the overseers of the poor in Bernardston informed the defendant, that the plaintiff had applied to the town for relief, and that they intended to make him pay for her support ; that a few days before the date of the writ, the plaintiff, through the agency of the town of Bernardston, made a formal demand upon the defendant for her support.

The defendant contended, that the real estate in his hands was not chargeable with the support of the plaintiff :

1. Because the will created no lien or claim upon the land of the testator.

2. Because the payment of the legacies was a personal trust committed to the executor, and accepted by him, and sufficient security was given for the fulfilment thereof.

The defendant further contended, that if the land in his hands was chargeable, it was only in aid of what the plaintiff might be able to do herself towards her own support, living as she had been accustomed to live.

The judge instructed the jury, that upon a proper construction of the will, the real estate was charged with the support of the plaintiff, in case of a deficiency of the personal estate, and provided the personal estate had been expended in the payment of debts and the other legacies ; and that it remained

Sheldon
*v*
Purple.

so charged, notwithstanding a bond to pay debts and legacies was given by the executor.

The jury found a verdict in favor of the plaintiff, for $25 damages.

If the charge upon the real estate was only for her support over and above her labor, then the verdict was to be reduced to the sum of $21·25.

If the demand made on the defendant in March 1833, by one of the overseers of the poor, was not sufficient, then the verdict was to be reduced to the sum of $1, unless the Court should be of opinion that a demand was unnecessary.

If the charge of the judge in relation to the construction of the will, was incorrect, then the plaintiff was to become nonsuit. Otherwise judgment was to be rendered on the verdict, subject to the corrections before mentioned.

*Sept.* 25*th.* 　*Dewey* and *Newcomb*, for the defendant. The bequest to the plaintiff did not create a charge upon the land which would follow it in the hands of the defendant ; and an action at law cannot be sustained against him therefor, except upon his express promise. *Gardner* v. *Gardner*, 3 Mason, 178 ; *Beecker* v. *Beecker*, 7 Johns. R. 99 ; *Kightly* v. *Kightly*, 2 Ves. jun 328 ; *Swift* v. *Edson*, 5 Connect. R. 531 ; *Lupton* v. *Lupton*, 2 Johns. Ch. R. 614 ; *Van Orden* v. *Van Orden*, 10 Johns. R. 30; *Pelletreau* v. *Rathbone*, 18 Johns. R. 428 ; *Goodtitle* v. *Maddern*, 4 East, 496 ; *Kelsey* v. *Deyo*, 3 Cowen, 133. The support of the plaintiff was a personal obligation on the executor, and was assumed by him by giving bond for the payment of debts and legacies. This was equivalent to an order of the Probate Court, to sell all the real estate to pay the debts and legacies. If there had been such an order in this case, it is clear, that the plaintiff would have had no claim upon the land.

The claim of the plaintiff cannot be enforced against the terre-tenant, he having paid a full consideration for the land without any deduction on account of the charge. This cir cumstance distinguishes this case from *Swasey* v. *Little*, 7 Pick. 296. The fact that the defendant knew, at the time of the purchase, of the provision in favor of the plaintiff, is immaterial ; for it does not appear, that he knew that the

effect of it was to charge the whole of the estate, but only the room which she occupied.

A demand was necessary to sustain this action. *Prescott* v. *Parker*, 14 Mass. R. 428 ; *Miles* v. *Boyden*, 3 Pick. 213. Those were actions against executors ; and *a fortiori*, there should be a demand, where the action is against the terre-tenant. Here there was no sufficient demand.

The direction in the will providing for the support of the plaintiff, was equivalent to a legacy in money, and created no other lien than such a legacy. The remedy of the plaintiff must therefore be against the executor. *Farwell* v. *Jacobs*, 4 Mass. R. 634 ; *Crocker* v. *Crocker*, 11 Pick. 252 ; *Baker* v. *Dodge*, 2 Pick. 619.

It is true that land may be charged with the payment of legacies, but it must be by *express* provision. The practical consequence of a different doctrine would be, to fetter real estate and to deceive *bonâ fide* purchasers.

*Wells* and *Alvord*, for the plaintiff, to the point, that the bequest was a specific charge on the land and followed it in the hands of the defendant, cited *Jackson* v. *Harris*, 8 Johns. R. 109 ; *Piper* v. *Piper*, 2 N. Hamp. R. 439 ; *Jackson* v *Merrill*, 6 Johns. R. 185 ; *Jackson* v. *Bull*, 10 Johns. R. 148 ; *Gardner* v. *Gardner*, 3 Mason, 178 ; *Doe* v. *Richards*, 3 T. R. 356 ; *Doe* v. *Snelling*, 5 East, 87 ; *Moor* v. *Denn*, 2 Bos. & Pul. 247 ; *Goodtitle* v. *Maddern*, 4 East, 496 ; *Roe* v. *Daw*, 3 Maule & Selw. 518 ; that where there is a mere direction to the *executor* to pay legacies, they become a charge upon the land devised to him, *Awbrey* v. *Middleton*, 2 Eq. Cas. Abr. 497 ; *Alcock* v. *Sparhawk*, 2 Vern. 228 ; *Goodright* v. *Allin*, 2 W. Bl. 1041 ; *Quintine* v. *Yard*, 1 Eq. Cas. Abr. 74 ; *Hassell* v. *Hassell*, 2 Dickens, 527 ; *Kelsey* v. *Deyo*, 3 Cowen, 133 ; that the provision for the plaintiff might be a charge upon the land, notwithstanding the executor was personally charged, *Gardner* v. *Gardner*, 3 Mason, 208 ; that the lien on the land was not discharged by the bond to pay debts and legacies, and that the bond was a cumulative remedy, *Gore* v. *Brazier*, 3 Mass. R. 523 ; *Wyman* v. *Brigden*, 4 Mass. R. 150 ; that an action at law may be maintained against the terre-tenant for a legacy payable out

of the land, although, in England, no action lies at law against an executor for a legacy, except upon an express promise, *Deeks* v. *Strutt*, 5 T. R. 690 ; *Atkins* v. *Hill*, Cowp. 284 ; *Hawkes* v. *Saunders*, Cowp. 289 ; *Southampton* v. *Graves*, 8 T. R. 593 ; *Ewer* v. *Jones*, 2 Ld. Raym. 937 ; *Anon.* 6 Mod. 27 ; *Anon.* 3 Salk. 223 ; *Piper* v. *Piper*, 2 N. Hamp. R. 439 ; *Durdon* v. *Gaskill*, 2 Yeates, 268 ; 1 Chitty on Pl. (Amer. ed. of 1833) 114, note ; 2 ibid. 246, note ; *Webb* v. *Jiggs*, 4 Maule & Selw. 113 ; that in this State an action lies at law for a legacy, even against the executor, without an express promise, *St.* 1783, *c.* 24, § 17 ; *Farwell* v. *Jacobs*, 2 Mass. R. 634 ; *Baker* v. *Dodge*, 2 Pick. 619 ; *Swasey* v. *Little*, 7 Pick. 296 ; that the plaintiff was entitled to recover what should be necessary for her support, beside what she might earn by her own labor, *Crocker* v. *Crocker*, 11 Pick. 252 ; that a demand was not necessary, as against the terre-tenant, *Glen* v. *Fisher*, 6 Johns. Ch. R. 33 ; *Peirson* v. *Sorrel*, 2 Shower, 185 ; *Tyrrel* v. *Glassack*, Viner's Abr. *Demand*, *B*, *pl.* 8.

PUTNAM J. delivered the opinion of the Court. We all think, that the construction which the judge who sat at the trial, gave of the will, was right. The legacy to the plaintiff was a charge upon the whole estate, real as well as personal The personal estate having been exhausted, the legacy is clearly a charge upon the real estate devised to Oliver Sheldon, and the real estate went to the defendant subject to that charge, in virtue of the conveyance to him from Oliver Sheldon. The authorities cited by the plaintiff's counsel leave no doubt in our minds upon this point.

It is contended for the defendant, that the bond of Olive Sheldon, the executor of the will, to pay the debts and legacies, should have been relied upon by the plaintiff for the recovery of the legacy. But we are of opinion that it was a cumulative remedy, and that the plaintiff may resort to the land, or to the bond, at her election. *Baker* v. *Dodge*, 2 Pick. 619. It was not in the power of the executor to discharge the lien without the consent of the legatee.

And we think it very clear, that the action is well brought

against the defendant, as the purchaser and tenant of the land. *Swasey* v. *Little*, 7 Pick. 296.

And we are all of opinion, that the facts which are contained in the report warranted the plaintiff in the commencement of the suit, without any other or more formal notice than is to be inferred from the same. The defendant knew the destitute condition of the plaintiff, or was bound to have known it. She had a right to her support in the north room of the house, which was devised to her. It was the duty of the defendant to have furnished necessary sustenance for her at that place. But he wholly neglected to do so. She lived there upon charity, as long as she could, and was afterwards obliged to resort to the poor-house in Bernardston for support, in the spring of 1833 ; and the defendant knew that she was there, and was informed by one of the overseers of her situation, and that they should endeavour to make him pay for her support. Under these circumstances, we think it clear, that the defendant was legally liable to be sued for the legacy, without any other notice or demand.

We think, however, that by the phrase " all necessaries she may need, either in sickness or health," the defendant was not bound to provide for her support if she could provide for herself by her own labor, as she had been accustomed and was able to do. So the verdict is to be reduced from the sum of $25·25, to the sum of $21·25, and judgment is to be entered accordingly.